458 P.2d 960

**The STATE of Arizona, Appellee,**

v.

**Eluterio Flores REYES, Jr., Appellant.**

**No. 1953.**

Supreme Court of. Arizona.

In Banc.

Sept. 25, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

Fred R. Esser, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Eluterio Flores Reyes, Jr., was charged and convicted of the crime of forgery, a violation of A.R.S. § 13–421, as amended, under these circumstances. On May 22, 1966, the payroll checks for the Apache Distributors were made up and placed on an office desk. Later on the same day when the checks were delivered to its employees, four or five checks were missing. One of the missing checks in the amount of $66.10 was made payable to an employee named Joe Limon.

On the 24th day of May, 1966, the appellant entered a Safeway Store in Glendale and attempted to cash the Limon check. At that time the name of Joe Limon had been endorsed upon the back of the check in handwriting. The assistant manager of the store became suspicious and called the checkers service of the bank against which the check was drawn and police were dispatched to the store where the appellant was apprehended. At the time he was arrested he stated to one of the arresting officers that he had found the check and that it was then in the same condition as when he offered it at the store.

The statute, A.R.S. § 13–421, as amended, supra, defines forgery in part as the falsely making, altering, forging or counterfeiting of various instruments including checks, drafts and bills of exchange. It also provides that one who " * * *" utters, publishes, passes, or attempts to pass * * *, as true and genuine, any of the false, altered, forged or counterfeited matter described above, *knowing it to be false, altered, forged, or counterfeited*, with intent to prejudice, damage or

defraud any person * * *" is likewise guilty of the offense of forgery. (Emphasis supplied).

 Perkins on Criminal Law, Ch. 4, § 8 D p. 306 notes that at common law forgery and uttering are two distinct offenses but that under some statutes they have been coupled together in the same section under the name of "forgery". In Arizona they have been so coupled but the distinction as separate offenses must still be observed since the elements of the offenses are not the same and the proof required may differ.

While forging an instrument is the crime of falsely and with fraudulent intent, making or altering a writing, State v. McFall, 103 Ariz. 234, 439 P.2d 805, the uttering of a forged instrument is the passing or publishing of a false, altered or counterfeited paper or document. State v. Singh, 4 Ariz.App. 273, 419 P.2d 403. As stated in State v. Greenlee, 272 N.C. 651, 159 S.E.2d 22, 26, citing 2 Wharton's Criminal Law & Procedure, 26 Anderson Ed., Forgery and Counterfeiting, § 648:

"Uttering a forged instrument consists in offering to another the forged instrument with the knowledge of the falsity of the writing and with intent to defraud."

The circumstances plainly evidence the appellant's intent to defraud. But there is no evidence from which a reasonable inference can be drawn that appellant forged the endorsement or otherwise had knowledge that the endorsement of Joe Limon was false or forged. Without such an essential element of proof the conviction must be reversed. People v. Swope, 269 A.C.A. 139, 74 Cal.Rptr. 586; Lampley v. State (Fla.App.), 214 So.2d 515; Arthur v. State, 118 Ga.App. 350, 163 S.E.2d 752.

The appellant complains of several other errors which we find unnecessary to consider since it is unlikely they will be repeated on a retrial.

Judgment reversed with directions that appellant be granted a new trial.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and HAYS, JJ., concur.