548 P.2d 1200

**The STATE of Arizona, Appellee,**

**v.**

**Tommy F. JANTZ, aka Terry Lee Hull, aka Jerry Lee Hull, Appellant.**

**Nos. 2 CA–CR 724, 2 CA–CR 725–2 and 2 CA–CR 726–3.**

Court of Appeals of Arizona, Division 2.

May 3, 1976.

Rehearing Denied June 2, 1976.

Review Denied June 29, 1976.

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Assistant Public Defender, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

On February 20, 1975, appellant entered a plea of guilty to Counts One and Four of

an eleven count indictment in Cause No. A–27023.[1] Count One alleged the offense of forgery and Count Four charged appellant with the unlawful possession of a stolen, lost, or mislaid credit card.

On March 17, 1975, the trial court placed appellant on probation for a period of five years on the above counts.

On August 18, 1975, appellant admitted the allegations contained in the petition to revoke the sentence of probation previously imposed in Cause A–27023. Also, on the same date appellant entered a plea of guilty to a single count of forgery in Cause No. A–27964.

As to Count One of Cause No. A–27023, charging forgery, appellant's probation was revoked and he was sentenced to serve not less than eight nor more than nine years in the Arizona State Prison.

In Cause No. A–27964, also charging forgery, appellant was sentenced to serve a term of not less than eight nor more than nine years in the Arizona State Prison, the sentence to run concurrently with the sentence imposed in Cause No. A–27023.

Appellant contends that the sentence imposed for the forgery count under Cause No. A–27023 was unlawful since it involved a credit card and therefore he should have been sentenced under the provision of A.R.S. Sec. 13–1074(B) as amended or A.R.S. Sec. 13–1075,[2] rather than under A.R.S. Sec. 13–421(B).

■ Appellant has cited no authority for this unique proposition and we have not been able to discover any. Since appellant was convicted of a violation of A.

R.S. Sec. 13–421, forgery, the punishment provisions of A.R.S. Sec. 13–421(B) were properly applicable.

In Cause No. A–27964 the indictment charged that appellant, "with intent to defraud, did uttter or publish or pass or attempt to pass as true and genuine . . . a certain forged instrument . . ." Appellant claims there is no factual basis for the plea since the charge stated that he "attempted to pass" a certain forged instrument and therefore he should not have been sentenced under the forgery statute but under the provisions of A.R.S. Sec. 13–110 which deals with sentences for an attempt to commit an offense.

■ The record discloses that appellant attempted to pass a forged check. This constitutes a forgery under A.R.S. Sec. 13–421 and the punishment provisions of that statute are applicable. *Ponds v. State,* 7 Ariz.App. 276, 438 P.2d 423 (1968). Appellant contends that *State v. Reyes,* 105 Ariz. 26, 458 P.2d 960 (1969), modifies the rule set forth in *Ponds.* It does not. In *State v. Reyes,* supra, the court noted that although forgery and uttering are two distinct offenses under the common law they have been coupled together under the same section under the name of forgery. Appellant's interpretation of *Reyes,* supra, is the result of a gross misreading of the case.

This appeal is frivolous.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.

---

1. As to Cause No. A–27022 appellant has posed no questions for review.

2. A.R.S. Sec. 13–1074(B) is the penalty provision for conviction of forgery of a credit card and A.R.S. Sec. 13–1075 concerns the fraudulent use of credit cards.