569 P.2d 295

**STATE of Arizona, Appellee,**

v.

**Clarence KING, Appellant.**

**No. 1 CA–CR 2288.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 16, 1977.

Rehearing Denied Sept. 12, 1977.

Review Denied Oct. 4, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

FROEB, Chief Judge.

The appellant, Clarence King, seeks by this appeal to invalidate his conviction for forgery, A.R.S. § 13–421, which was based upon a plea of no contest.

Appellant was charged with attempting to pass a forged check to an employee of a retail food establishment. He initially entered a plea of not guilty, and appellee thereafter moved to add an allegation of prior felony conviction. The parties subsequently entered into a written plea agreement, by the terms of which appellant agreed to plead guilty to the forgery charge and appellee agreed to dismiss the allegation of prior conviction. The agreement further provided that appellant could withdraw his plea if he was sentenced to prison for more than five years.

At the change of plea hearing, appellant asserted that he got the check from a lady who employed him and that he did not know at the time he attempted to pass the check that it was forged. After discussion with the prosecutor and the appellant and his attorney, Kenneth Murray, the trial court elected to treat the plea as a no contest plea and the plea agreement was modified accordingly. The following dialogue ensued:

MR. MURRAY: Yes, the state of the evidence is such I think it is in the best interest of the defendant to enter upon a plea agreement.

THE COURT: Listen to what the State would try to prove against you if you went to trial.

MR. DONOVAN: Your Honor, the State's proof is that on the 16th of March of this year at approximately 12:00 in the afternoon the defendant presented himself to Reddy's Drive In, located in the jurisdiction of Maricopa County at 1602 East Jefferson, in Phoenix; that at that time he presented to an individual at that store a check for payment for some goods that he intended to purchase, part of that being liquor; that that check was made out personally to him as the payee and purportedly signed by a Don H. Forbis; that the gentleman who manages that particular store discussed this with the defendant and the defendant provided him with a driver's license, indicating that he did want to cash it; that that gentleman recalled at that time that the same defendant who is present here, a man of the same name and the same general physique in November of 1974 had cashed a check on the same company and that that check had been returned as being forged. He therefore called the police. The defendant was there at that time arrested for this particular charge. It is the State's argument that with his prior 1974 passing of a forged instrument it shows the intent to defraud. Those checks had been stolen. The State would offer to prove to the jury or to the Court that they were part of the checks stolen in November of 1974.

THE COURT: Mr. King, I'm not going to ask you to agree with what the State has said, but you heard what they're going to try to prove at trial; right?

THE DEFENDANT: Yes.

THE COURT: And you are telling me you don't think you're guilty of this, but that you've heard what the State is going to try to prove and you think that a jury is going to find you guilty; right?

THE DEFENDANT: I am scared, Your Honor.

\* \* \* \* \* \*

THE COURT: You think the State can pretty well prove its case at trial; right?

THE DEFENDANT: I had the check.

MR. MURRAY: I am also informed by the prosecutor that the prosecutor has an expert witness who would testify that the signature on the check in 1974 was the defendant's; is that right?

MR. DONOVAN: That is correct, Your Honor, that Mr. Flynn, I believe his name is, from the Question Documents Division of the Phoenix Police Department, would testify (1) that he has an exemplar from the defendant and he has made comparison with that and the endorsement on the back of the 1976 check and that it is the same, that it is his feeling the defendant probably filled out the entire face of that check in 1976; also, that he had made comparison between the signature on the check and the endorsement on the 1974 check and the 1976 check and they were made by the same person, the defendant.

MR. MURRAY: The comparison on the 1974 check that the defendant's signature was on the back, that was done this weekend.

THE COURT: Mr. King, you have heard all this, but let's be certain that you and I understand each other, because if you get a sentence you don't like you can't go to the appellate court and say, "Judges, I really was not guilty of this crime; they just made me plead guilty." So let's, you and I, understand something. You may think you're not guilty of the crime; right?

THE DEFENDANT: I had the check.

THE COURT: You had the check, but you may feel you're not guilty of the crime; right?

THE DEFENDANT: Yes.

THE COURT: You don't want to take the chances of going before a jury with a prior felony allegation that would get you 10 to life; right? You don't want to take that chance, do you?

THE DEFENDANT: No, sir.

THE COURT: And you want to take the deal that is being offered here, no more than five years in prison, with the possibility of probation, and no prior allegation; right?

THE DEFENDANT: Yes.

THE COURT: Is that the reason you are pleading no contest?

THE DEFENDANT: Yes.

The trial court found that the plea was voluntarily and intelligently offered and that it had a factual basis. Appellant was subsequently sentenced to prison for not less than four nor more than five years.

On appeal appellant argues that the trial court erred (1) in failing to adequately determine that there was a factual basis for the plea, and (2) in failing to properly inform appellant of the nature of the charge against him. The thrust of the argument is that appellant denied knowledge of the false character of the instrument; that the elements of such knowledge and intent to defraud were missing; and that the plea could not therefore have been intelligently made. Appellant relies upon *State v. Reynolds,* 25 Ariz.App. 409, 544 P.2d 233 (1976), and *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

We bear in mind that while both forging and uttering a false instrument are proscribed by A.R.S. § 13–421, forgery strictly speaking and uttering are actually distinct offenses. The difference is explained in *State v. Reyes,* 105 Ariz. 26, 27, 458 P.2d 960, 961 (1969);

Perkins on Criminal Law, Ch. 4, § 8D p. 306 notes that at common law forgery and uttering are two distinct offenses but that under some statutes they have been coupled together in the same section under the name of "forgery". In Arizona they have been so coupled but the distinction as separate offenses must still be observed since the elements of the offenses are not the same and the proof required may differ.

While forging an instrument is the crime of falsely and with fraudulent intent, making or altering a writing, *State v. McFall,* 103 Ariz. 234, 439 P.2d 805, the

uttering of a forged instrument is the passing or publishing of a false, altered or counterfeited paper or document. *State v. Singh,* 4 Ariz.App. 273, 419 P.2d 403. As stated in *State v. Greenlee,* 272 N.C. 651, 159 S.E.2d 22, 26, citing 2 Wharton's Criminal Law & Procedure, 26 Anderson Ed., Forgery and Counterfeiting, § 648:

"Uttering a forged instrument consists in offering to another the forged instrument with the knowledge of the falsity of the writing and with intent to defraud."

■ As appellee points out, appellant's plea was offered in like manner to the plea of guilty in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), that is, as a grudging concession that the state had a case to present which might result in appellant's conviction. In such a case, even though there is a contemporaneous claim of innocence, the plea has sufficient basis if there is strong evidence of guilt. *State v. Reynolds,* supra; see also, *State v. Norris,* 113 Ariz. 558, 558 P.2d 903 (1976).

■ We believe that the recitation of evidence quoted above is sufficiently indicative of guilt so that this *Alford* plea must be sustained. Reasonably read, it indicates that appellant was caught in the middle of a repeat performance of the same species of offense he had perpetrated in 1974, using the same checks which had been stolen in 1974. The prosecutor alluded to expert testimony to the effect that appellant probably filled out the entire face of the instrument in issue. Neither appellant nor his counsel took issue with either the presentability or effect of any of the proposed evidence. Viewed in *Alford* perspective, there was a sufficient showing of each of the elements for either forgery strictly speaking, or uttering. See *Reyes,* supra.

Appellant argues that in accordance with principles stated in *State v. Reynolds,* supra, it was incumbent upon the trial court to resolve the conflict between the waiver of trial and appellant's claim of innocence. See 25 Ariz.App. at 413, 544 P.2d at 237.

**356**

This is not required in the case of an *Alford* plea where the basis for the plea rests not upon an actual admission of guilt but upon an acknowledgment that in view of the evidence a trial may result in a determination of guilt with respect to the subject offense or perhaps a higher offense and possibly other offenses as well. In such a case, as the opinion in *Alford* points out, a plea is valid without an admission of guilt and there is no conflict to be resolved.

We further note that in accordance with our duty to review the extended record in ascertaining factual basis in a case of this nature,[1] the pre-sentence report reveals a total lack of any circumstantial support for appellant's claim of innocence. Appellant claimed that he did yard work for a woman at a residence, but he could not remember the address.

Nor can it be said that this plea was not intelligent. Absent special circumstances such as those existing in *Henderson v. Morgan,* supra, there is no requirement that the trial court advise an accused of the elements of an offense. *State v. Henry,* 114 Ariz. 494, 562 P.2d 374 (1977); *State v. Ohta,* 114 Ariz. 489, 562 P.2d 369 (1977); *State v. Ray,* 114 Ariz.(App.) 380, 560 P.2d 1287 (1977). But here, specific reference was nevertheless made by the prosecutor at the change of plea hearing to the element of intent to defraud. An asserted lack of knowledge of the character of the instrument, and therefore lack of criminal intent, were the very reasons why an *Alford* plea was taken; the trial judge in substance told appellant that his claimed lack of knowledge and intent rendered a conventional plea of guilty unacceptable and made necessary a plea based upon the evidence which the State would present. Knowledge and intent were facially established by the preview of evidence offered by State in appellant's presence. He cannot now claim ignorance or misconception of the law pertaining to the charge.

The judgment and sentence appealed from are affirmed.

NELSON, P. J., and HAIRE, J., concur.

1. *State v. Rodriguez,* 112 Ariz. 193, 540 P.2d 665 (1975).