**Duane WILLETT, Plaintiff and Appellant,**

v.

**Eldon BARNES, Warden, Utah State Prison, Defendant and Appellee.**

**No. 900344.**

Supreme Court of Utah.

Oct. 28, 1992.

J. Frederic Voros, Jr., Salt Lake City, for Willett.

R. Paul Van Dam, David F. Bryant, Salt Lake City, for Barnes.

DURHAM, Justice:

Plaintiff Duane Willett sought a writ of habeas corpus in the Fourth District Court in Utah County and also sought leave to withdraw his 1983 guilty plea to a charge of first degree murder. After an evidentiary hearing, the district court denied Willett's petitions. This appeal followed. We vacate the district court's ruling and remand for further proceedings.

In 1983, the State charged plaintiff and his son, Harley Willett, with first degree murder. Following plea negotiations, the State agreed to charge Harley Willett with second degree murder in exchange for Duane Willett's guilty plea on a first degree murder charge. Duane Willett now challenges the plea proceeding, contending among other things that the trial court failed to establish a factual basis for the plea. Because we grant plaintiff's requested relief on this ground, we do not address his other claims.

This court's decision in *State v. Breckenridge*, 688 P.2d 440 (Utah 1983), established that before accepting a guilty plea, a trial court must develop a factual basis upon which to base a conviction of the charged crime.[1] *Id.* at 443. In *Breckenridge*, we concluded that even though the plea colloquy did include a recitation of the surrounding facts, as a matter of law those facts were insufficient to support the charge. *Id.* at 442–44. In this case, the colloquy contains no recitation of any facts surrounding the death of the victim. We therefore conclude that the plea colloquy failed to develop the factual basis necessary for the court to properly accept Willett's plea.

On appeal, the State contends, however, as the district court concluded, that the "record as a whole" established a sufficient factual basis to accept the guilty plea, even if the plea hearing did not. Willett's plea occurred before our decision in *State v. Gibbons*, 740 P.2d 1309 (Utah 1987), and the pre-*Gibbons* rule required reviewing courts to uphold guilty pleas as long as the record as a whole demonstrated "substantial compliance" with constitutional and procedural requirements. *State v. Hoff*, 814 P.2d 1119, 1123–24 (Utah 1991).

Applying the substantial compliance test, we conclude that the court below erred. In the entire record, nothing supports a finding that an adequate factual basis existed at the time Willett entered his plea. The State has not adverted to any facts regarding the events themselves that could form the basis of a conviction. The closest anything in the record comes to establishing a factual basis is a brief colloquy, prompted by Mr. Watson, a deputy county attorney, during the entry of Harley Willett's guilty plea on the second degree murder charge:

> MR. WATSON: Perhaps the court would want to inquire whether or not there is a factual basis from this particular defendant with regard to the entry of this plea Your Honor.
>
> THE COURT: Suppose you state for the court briefly Mr. Willett how exactly it happened on the 20th of November?
>
> MR. HARLEY WILLETT: Well, I aided and abetted my father.
>
> THE COURT: In doing what?

---

1. The rules of practice in effect in the Utah district courts at the time of Willett's plea also required the court to determine "that there is factual basis for the plea." Rules of Practice, Utah District and Circuit Courts, Rule 3.6(c) (now superseded by The Code of Judicial Administration).

MR. HARLEY WILLETT: In the commission of killing Mr. Dan Okleberry.

THE COURT: I suppose that is adequate Mr. Watson.

The court then accepted Harley Willett's plea. Yet Harley Willett's statement of "how exactly it happened" is merely a legal conclusion, parroting the statutory elements of the crime charged against him. Whether or not it established an adequate factual basis for Harley Willett's plea, it certainly did not validate the guilty plea that Duane Willett had already entered. We thus reverse the district court's conclusion "[t]hat a factual basis for the charge made against the defendant is evident from the record, even though not succinctly stated by or to the Court."

■ The district court also upheld the validity of Duane Willett's plea on a finding "[t]hat although he knew in his own mind that he was not guilty ..., he wanted to save his son from any jeopardy to the death penalty." To the extent the court treated this finding as a sufficient factual basis to uphold the plea as intelligently and voluntarily made, it misread *Breckenridge*. In *Breckenridge*, we suggested that a valid guilty plea required a "record of facts" showing either "that the charged crime was actually committed by the defendant, or that the defendant has for some other legitimate reason intelligently and voluntarily entered such a plea." 688 P.2d at 440. But by "record of facts" showing some other legitimate reason for the plea, we meant facts that would substantiate the prosecution of the charge at trial, not merely facts establishing the defendant's motivation for entering the plea.

■ *Breckenridge* cited *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), as an example of other legitimate reasons for pleading guilty. In *Alford*, the defendant maintained his innocence yet pleaded guilty because he acknowledged the strength of the state's case against him and because by pleading guilty, he avoided risking the death penalty. *Id.* at 27–29, 91 S.Ct. at 162–163. In denying Willett's petitions, the district court below similarly concluded that Willett believed he had a legitimate reason to plead guilty because he desired to spare his son the risk of the death penalty and he therefore entered his plea intelligently and voluntarily. But in *Alford*, the record before the trial court documented facts establishing the strength of the state's case, facts that would have placed the defendant at a serious risk of conviction had he proceeded to trial. *Id.* Critically, in Willett's case the record reveals no facts that would support the prosecution of the charge or suggest that either Duane Willett or Harley Willett faced a substantial risk of conviction at trial. A court cannot be satisfied that a guilty plea is knowing and voluntary unless the record establishes facts that would place the defendant at risk of conviction should the matter proceed to trial. Therefore, *Alford* is inapposite, and the factual basis requirement of *Breckenridge* remains unsatisfied.

Finally, the State contends that we should take judicial notice of the contents of the preliminary hearing transcript and that the record thus augmented provides an adequate factual basis for plaintiff's plea.

We have acceded to the State's request and received a partial copy of the preliminary hearing transcript (the parties have stipulated that no transcript of the second day of the hearing is available). Unfortunately, the partial transcript before us contains no direct evidence of plaintiff's participation in the homicide, and the circumstantial evidence is extremely tenuous, especially as it relates to the degree of the conviction (first degree murder). As the transcript stands, its contents are insufficient to remedy the inadequacies of the plea proceeding.

Nevertheless, we are reluctant without further proceedings to set aside a plea of guilty to premeditated murder entered some nine years ago. It is obvious that another prosecution of plaintiff will be difficult after the passage of this much time. If, in fact, plaintiff's plea was not knowing and voluntary, any increased difficulty resulting from the lapse of time cannot, of course, bar the setting aside of his plea.

No legitimate interest of the state can be served by the continued incarceration of a man on the strength of a guilty plea that does not satisfy the requirements of the law.

However, we do not know that the plea was defective. We do not have a complete copy of the preliminary hearing transcript before us, and for that reason, we cannot determine whether what occurred at the preliminary hearing was sufficient to provide a factual basis for plaintiff's later plea. We therefore remand the matter to the trial court to permit the State an opportunity to produce a proper transcript of the preliminary hearing or to otherwise prove what occurred there. If it cannot or if what occurred is insufficient to remedy the defects in the plea proceeding, the trial court should permit plaintiff to withdraw his plea. *See Jolivet v. Cook*, 784 P.2d 1148 (Utah 1989), *cert. denied sub nom. Jolivet v. Barnes*, 493 U.S. 1033, 110 S.Ct. 751, 107 L.Ed.2d 767 (1990).

Reversed and remanded.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.