JOE LOUIS McCULLOUGH, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9728

January 30, 1978                                    574 P.2d 585

---

[6]The Chief Justice designated HON. DAVID ZENOFF, Chief Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Larry R. Hicks,* District Attorney, and *John L. Connor,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Upon his plea of guilty to the crime of attempted burglary, the appellant was sentenced to serve a term of four years in prison. He now complains that the court should have inquired into his competency to enter a guilty plea since he had only an eighth grade education; that he had been promised probation by someone; and, in any event, the sentence imposed is too severe.

His contentions are before us because of Anders v. California, 386 U.S. 738 (1967), and Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969), and counsel for appellant has filed with us his affidavit of "no merit appeal." Our independent review of the record reveals that this appeal is frivolous.

Authority is not cited for the proposition that an accused with only an eighth grade education is to be presumed incompetent to knowingly and intelligently plead guilty, nor are we aware of any such authority. There was nothing presented to the district court to suggest incompetency.

Neither does the record hint a promise of probation. To the contrary, it is clear that the appellant knew that the matter of sentence rested exclusively with the court.

The sentence imposed was within statutory authorization, NRS 205.060, 208.070. Cf. Carter v. State, 84 Nev. 592, 446 P.2d 165 (1968). The fact that the sentence imposed by the

court exceeded the sentence recommended by the Department of Parole and Probation is of no consequence. Collins v. State, 88 Nev. 168, 494 P.2d 956 (1972). The victim of the attempted burglary was a 72-year-old woman whom the appellant admitted striking. She suffered injuries and was hospitalized. This alone may have persuaded the court to impose a more severe sentence than recommended by the department.

Affirmed.