MICHAEL FRANK RENARD, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9831

June 28, 1978                                              580 P.2d 470

[Rehearing denied November 13, 1978]

*Patrick R. Doyle, R. Paul Sorenson,* and *Martin W. Becker,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant plead guilty to an amended information charging him with attempted coercion (NRS 207.190; NRS 208.070).[1] He was subsequently sentenced to three (3) years in the Nevada State Prison and now contends the district court abused its discretion in denying probation and imposing the maximum sentence. We disagree.

The district court is vested with wide discretion regarding sentencing and probation. *See* Cook v. State, 77 Nev. 83, 359 P.2d 483 (1961). Where, as here, "the sentence is within statutory limits, [citation omitted], and . . . there has been no proof of judicial reliance upon 'impalpable or highly suspect evidence,' [citation omitted], this court will refrain from interference with the trial court's imposition of sentence." Lloyd v.

---

[1]NRS 207.190 provides, in pertinent part:

"1. It is unlawful for any person, with intent to compel another to do or abstain from doing an act which such other person has a right to do or abstain from doing, to:

"(a) Use violence or inflict upon such other person or any of his family, or upon his property, or threaten such violence or injury; or

"(b) Deprive such person of any tool, implement or clothing, or hinder him in the use thereof; or

"(c) Attempt to intimidate such person by threats or force.

"2. Any person who violates the provisions of subsection 1 shall be punished:

"(a) Where physical force or the immediate threat of such force is used, by imprisonment in the state prison for not less than 1 year nor more than 6 years."

NRS 208.070 provides, in pertinent part:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:

"1. If the crime attempted is punishable by death or life imprisonment, the person convicted of the attempt shall be punished by imprisonment in the state prison for not more than 20 years.

"2. In every other case he shall be punished by imprisonment in such manner as may be prescribed for the commission of the completed offense, for not more than half the longest term, or by a fine of not more than half the largest sum, prescribed upon conviction for the commission of the offense attempted, or by both such fine and imprisonment. . . ."

State, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978). *Accord,* Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). "The fact that the sentence imposed by the court exceeded the sentence recommended by the Department of Parole and Probation is of no consequence." McCullough v. State, 94 Nev. 51, 52, 574 P.2d 585 (1978). *Accord,* Lloyd v. State, *supra.*

Other issues raised by appellant are without merit.

Affirmed.