PETER JOSEPH CONSTANCIO, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12396

January 28, 1982                                639 P.2d 547

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

[Rehearing denied April 28, 1982]

*Michael R. Zervas,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, upon a jury verdict, of rape (former NRS 200.363) and of two counts of the infamous crime against nature (NRS 201.190 as it then read; *see* 1977 Nev. States. ch. 598, § 17, at 1632). He was acquitted of a charge of first degree kidnapping (NRS 200.310).

1. Appellant first contends that his rights were violated by the failure of the police to apprehend and arraign him for almost a year after the May, 1977 incident upon which the

charges were based. To the extent that this issue has not previously been determined by our ruling on appellant's appeal of a pretrial petition for habeas corpus in Constancio v. Sheriff, No. 11091 (Unpublished Order, Sept. 29, 1978), *see* Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976), we find that the trial court record fails to reflect prejudice to appellant occasioned by the delay. *See* United States v. Lovasco, 431 U.S. 783 (1977). Appellant's claim that the district court erred by not granting his motion to dismiss for failure to bring him to trial within sixty days has similarly been considered and rejected by this court, Constancio v. Sheriff No. 11813 (Unpublished Order, July 30, 1979), and will not be reconsidered here. Theriault v. State, *supra*.

2. Appellant also contends that the applicable provision of former NRS 200.363 violated the equal protection clause of the fourteenth amendment because it protected only females, and not males, from forcible rape.[1] We disagree.

The Supreme Court has recently held that a California statutory rape law punishing sexual intercourse with a female, but not a male, under 18 and not the wife of the perpetrator, did not violate the equal protection clause. Michael M. v. Sonoma County Superior Court, 450 U.S. 464 (1981). The Court noted that "young men and young women are not similarly situated with respect to the problems and the risks of sexual intercourse. Only women may become pregnant, and they suffer disproportionately the profound physical, emotional, and psychological consequences of sexual activity." *Id.* at 471. *See also* Olson v. State, 95 Nev. 1, 3, 588 P.2d 1018, 1019 (1979). While the Court also noted the particular problems associated with teenage pregnancies, the basic justification for a gender based statute for the protection of females is equally applicable to a forcible rape statute. In short, the fact that the legislature could have chosen, as it now does, *see* NRS 200.364 to 200.375, to protect both male and female victims of sexual assault, did not preclude it from once protecting females alone. *See* 450 U.S. at 473-74.

3. A former wife of appellant was permitted to testify, over objection, that during their marriage appellant had often had difficulty achieving an erection. Appellant objected to the

---

[1]NRS 200.363 then provided that "Forcible rape is the carnal knowledge of a female against her will." 1973 Nev. Stats. ch. 798, § 7, at 1805, *repealed* 1977 Nev. Stats. ch. 598, § 29, at 1635.

admission of this testimony, on the theory that sexual behavior during marriage should be classified as communication protected by the spousal privilege, citing State v. Robbins, 213 P.2d 310 (Wash. 1950), in which the court concluded that all facts known to a spouse because of the marital relation should be within the privilege. We are not inclined to so extend the meaning of "communication."

The applicable statute provides that "[n]either a husband nor a wife can be examined, during the marriage or afterwards, without the consent of the other, as to any communication made by one to the other during marriage." NRS 49.295(1)(b). We have previously held that this privilege "is intended to protect confidential communications between spouses." Deutscher v. State, 95 Nev. 669, 683, 601 P.2d 407, 416 (1979). Webster's Third New International Dictionary, at 460 (1976 ed.), defines "communicate" as "to make known: inform a person of: convey the knowledge or information of." We agree that under a statute such as ours, "the privilege should be limited to *expressions* intended by one spouse to convey a meaning or message to the other." McCormick, *Evidence* § 79, at 163 (2d ed. E. Cleary 1972). *See, e.g.* Posner v. New York Life Ins. Co., 106 P.2d 488 (Ariz. 1940); Tanzola v. De Rita, 285 P.2d 897 (Cal. 1955). We therefore conclude that the trial court was correct in its decision to overrule appellant's objection.[2]

4. Appellant also complains of the admission into evidence of a particular article published in a medical journal. However, the article has not been included in the record on appeal. We therefore do not consider this assignment of error. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); *see* Powers v. Johnson, 92 Nev. 609, 555 P.2d 1235 (1976).

5. Finally, appellant contends that it was an abuse of discretion for the court below to impose consecutive, rather than concurrent, sentences upon him. Where, as here, the sentence is within the statutory limits and there is no claim that the court has relied upon improper evidence, we have consistently refrained from interfering with the trial court's imposition of sentence. *E.g.,* Renard v. State, 94 Nev. 368, 580 P.2d 470 (1978), *cert. denied* 440 U.S. 982 (1979); Lloyd v. State, 94 Nev. 167, 576 P.2d 740 (1978). We perceive no reversible error. *Cf.* Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978).

---

[2]We note that appellant lodged no objection pursuant to NRS 48.035(1).

The judgment of conviction and sentence are accordingly affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[3] concur.