VERNON ART TIGER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13510

December 16, 1982                    654 P.2d 1031

*Joel M. Cooper,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Vernon Art Tiger appeals from judgments of conviction entered upon his guilty pleas to first degree murder and attempted sexual assault. He suggests that the district court did not adequately determine that his guilty pleas were voluntarily

and understandingly entered, as mandated in Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981). We agree and reverse.

## THE FACTS

Tiger was charged by indictment with first degree murder, robbery, burglary, and attempted sexual assault. The evidence before the Grand Jury showed that Tiger had gone with three others to an apartment occupied by a woman. One of the men, Thomas Nevius, had a gun; he threatened the woman and demanded her money and jewelry. Nevius and Tiger attempted to assault the woman sexually. When her husband returned to the apartment, Nevius shot and killed him.

At Tiger's arraignment, the court entered pleas of not guilty on his behalf. Pursuant to plea negotiations, Tiger withdrew his not guilty pleas and pleaded guilty to first degree murder and attempted sexual assault. His guilty plea to first degree murder was based on an admission of guilt. However, his guilty plea to attempted sexual assault was entered by his counsel under North Carolina v. Alford, 400 U.S. 25 (1970); Tiger did not admit committing the crime of attempted sexual assault. Later, Tiger moved to withdraw both his guilty pleas. The district court denied Tiger's motion. Tiger was sentenced to life without possibility of parole on the murder count, with a consecutive sentence of twenty years on the attempted sexual assault count.

## THE GUILTY PLEAS

In *Hanley, supra,* in accord with decisions of the United States Supreme Court, we held that, when the district court accepts a guilty plea, the record must affirmatively show that certain minimal requirements are met, in order to establish that the plea was voluntarily and understandingly entered. They are: (1) an understanding waiver of constitutional rights and privileges, (2) the absence of coercion by threat or promise of leniency, (3) an understanding of the consequences of the plea: the range of punishments, and (4) an understanding of the charge. In the case before us, the district court met the first three requirements, but failed to satisfy the fourth.

We held in *Hanley* that:

> constitutional requirements and the statutory requirement of NRS 174.035(1) demand *either* a showing that the defendant himself (not just his attorney) understood the elements of the offense to which the plea was entered *or* a showing that the defendant, *himself,* has made factual statements to the court which constitute an admission to the offense pled to. (Emphasis in original.)

■■■ ■■

Tiger's guilty plea to the attempted sexual assault count was entered under North Carolina v. Alford, 400 U.S. 25 (1970). An *Alford* plea is a guilty plea accompanied by a denial of the facts constituting the offense. In *Alford,* the Supreme Court held that such a plea is constitutionally sound if it is knowingly entered for a valid reason, for instance, to avoid the possibility of a harsher penalty. However, the district judge, in accepting the plea, must determine that there is a factual basis for the plea, and he must further inquire into and seek to resolve the conflict between the waiver of trial and the claim of innocence. *Alford, supra,* 400 U.S. at 38 n.10. The court's inquiry should be addressed to the defendant personally, and not simply to his counsel. *See* State v. Smith, 606 P.2d 86, 88-89 (Hawaii 1980). Moreover, the district judge, as in accepting other guilty pleas, must also determine that the accused understands the elements of the offense with which he is charged.

■■■ ■

The record in the instant case does not disclose that Tiger understood the elements of the attempted sexual assault charge. Nor did Tiger make factual statements constituting an admission to the attempted sexual assault charge. Therefore, his guilty plea to the attempted sexual assault count must be set aside.

■■■ ■

Additionally, the record does not demonstrate that Tiger understood the elements of the crime of first degree murder. In response to questioning by the district judge, Tiger admitted that he was present at the scene of the crime, that he voluntarily entered the residence, that he knew that a shooting had occurred, and that he ran away. Tiger did not admit facts constituting the necessary elements of any crime that would support a conviction under the felony murder rule. *Cf. Hanley, supra.* Therefore, Tiger's guilty plea to first degree murder must also be set aside.[1]

The convictions are reversed and the case is remanded, so that Tiger may enter his pleas to both charges.

---

[1]Gregory Leon Everett, who was with Tiger during the commission of the homicide, has been found guilty, upon his plea of guilty, of the charge of first degree murder. Everett appealed that judgment of conviction, which appeal was dismissed by this Court on September 23, 1982. (Everett v. State, Case No. 13434)