## DOROTHY G. BUNCE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 22732

March 24, 1993                                        849 P.2d 327

*Hamilton & Lynch,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This case concerns whether the district court improperly construed the definition of "drug addict" in NRS 458.290[1] and, thus, committed reversible error by refusing to consider appellant Dorothy G. Bunce's ("Bunce") application to seek treatment for her prescription drug abuse under NRS 458.300.[2]

---

[1]NRS 458.290 defines "drug addict" as:

As used in NRS 458.300 to 458.350, inclusive, unless the context otherwise requires, "drug addict" means any person who habitually takes or otherwise uses any controlled substance, other than any maintenance dosage of a narcotic or habit-forming drug administered pursuant to chapter 453 of NRS, to the extent that he endangers the health, safety or welfare of himself or any other person.

[2]NRS 458.300 provides, in pertinent part:

Subject to the provisions of NRS 458.290 to 458.350, inclusive, an

On December 19, 1990, a Washoe County Grand Jury indicted Bunce and two others on four counts of forgery and one count of attempted obtaining money by false pretenses.

After plea negotiations, Bunce pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) and Tiger v. State, 98 Nev. 555, 654 P.2d 1031 (1982), to a single count of attempted obtaining money or property by false pretenses pursuant to NRS 193.330 and NRS 205.380. In exchange, the State dismissed all remaining charges.

Significantly, Bunce entered the *Alford* plea in the hope of avoiding a harsh penalty, to wit: she wanted the court to sentence her to a drug treatment program under NRS 458.300 ("458 treatment"), rather than a five-year prison term and a $5,000 fine under NRS 193.330 and NRS 205.380.

During the sentencing hearing, the judge assessed Bunce's application for the 458 treatment. The judge refused to grant Bunce the 458 treatment solely because Bunce did not constitute a "drug addict." Specifically, the judge interpreted NRS 458.290 to expressly exclude people such as Bunce who abuse prescription medications.

The court sentenced Bunce to a four-year prison term— suspended to two years of probation, sixty days in the Washoe County Jail, and a $25.00 administrative assessment fee. This appeal ensued.

On appeal, Bunce maintains that the district court improperly interpreted "drug addict" in NRS Chapter 458 and, thus, incorrectly refused to consider her application for drug treatment. We agree.

Pursuant to NRS Chapter 458, certain eligible convicted alcoholics and drug addicts may serve their prison terms in drug rehabilitation facilities rather than in state penal institutions. NRS 458.300. After carefully reviewing the statutory schemes of NRS Chapters 453 and 458, we hold that NRS 458.290 does not categorically, automatically or expressly exclude prescription drug addicts from 458 treatment. Thus, we conclude that the district court's interpretation of "drug addict" constituted reversible error.

Hence, we hereby vacate Bunce's sentence and remand this case. On remand, the district court should conduct a hearing pursuant to NRS 458.310 to determine whether Bunce should receive treatment under 458 treatment.

---

alcoholic or a *drug addict* who has been convicted of a crime is eligible to elect treatment under the supervision of a state-approved facility for the treatment of abuse of alcohol or drugs before he is sentenced . . . .

(Emphasis added.)

We have carefully considered the other issue on appeal. However, in view of this order, we need not address that issue. Accordingly, we vacate Bunce's sentence and remand this matter for further proceedings consistent with this opinion.