An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KIMBERLY ANN LOPES,<br>Appellant,<br>vs.<br>SHERYL FOSTER, IN HER OFFICIAL CAPACITY AS A WARDEN OF THE FLORENCE MCCLURE WOMEN'S CORRECTIONAL CENTER; AND GREG COX, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEVADA DEPARTMENT OF PRISONS,<br>Respondents. | No. 61422 |
| KIMBERLY ANN LOPES,<br>Appellant,<br>vs.<br>SHERYL FOSTER, IN HER OFFICIAL CAPACITY AS A WARDEN OF THE FLORENCE MCCLURE WOMEN'S CORRECTIONAL CENTER; AND GREG COX, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEVADA DEPARTMENT OF PRISONS,<br>Respondents. | No. 61423 |

FILED

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court order denying appellant Kimberly Ann Lopes' post-conviction petition for a writ of habeas corpus that was filed in two district court cases. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge.

Lopes argues that the district court abused its discretion by denying her petition because her guilty plea, made pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), was involuntary. A guilty plea is presumptively valid, and this court will not reverse a district court's

13-10601

determination concerning the validity of a plea absent a clear abuse of discretion. See Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). In determining the validity of a guilty plea, this court looks to the totality of the circumstances. State v. Freese, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000).

First, Lopes argues that the district court abused its discretion by denying her claim that her guilty plea was involuntary because the district court inappropriately involved itself in plea negotiations during a pretrial conference in violation of Cripps v. State, 122 Nev. 764, 770-73, 137 P.3d 1187, 1191-93 (2006). The district court found that it violated Cripps' bright line prohibitions by participating in the plea bargaining process and conducting an off-record conference regarding potential pleas yet denied Lopes relief, finding that its participation was not a material factor in her decision to plead guilty. See id. at 771, 137 P.3d at 1192. The record supports this determination. The guilty plea agreement in question had been in negotiations prior to the unrecorded conference, and while the time limit to accept the plea offer had expired, charges were added in the interim. Lopes signed the guilty plea agreement several days after the conference and after multiple meetings with counsel. Almost a month passed between the conference and when Lopes pleaded guilty and at no point did she indicate dissatisfaction with the plea or that she felt compelled to take it. The record also indicates that Lopes pleaded guilty to the charges because she would gain a substantial benefit in doing so. Because the error was harmless, we conclude that the district court did not abuse its discretion by denying this claim.

Second, Lopes argues that the district court abused its discretion by denying her claim that her guilty plea was involuntary

because the district court did not sufficiently canvass her regarding potential coercion due to the "package" nature of the plea, which also required her husband to plead guilty. The district court denied this claim because Lopes failed to demonstrate actual coercion, and based upon the totality of the evidence, the pleas were knowingly and voluntarily entered. We agree. While the district court did not specifically inquire into whether Lopes' husband had coerced her to plead guilty, it otherwise took considerable care to canvass Lopes regarding the plea and there is nothing in the record as a whole which suggests any coercion. See U.S. v. Spilmon, 454 F.3d 657, 658-59 (7th Cir. 2006) (coercion is not presumed from one spouse's decision to plead guilty in exchange for leniency for the other); see also Gardner v. State, 91 Nev. 443, 447, 537 P.2d 469, 471 (1975) (the defendant must demonstrate that the coercive element in fact coerced him into making the plea of guilty). We conclude that the district court did not abuse its discretion by denying this claim.

Third, Lopes argues that the district court abused its discretion by denying her claim that her guilty plea was involuntary because she was not aware that the State had to prove she knowingly aided her husband with the intent that he bribe or intimidate a witness and thus there was an insufficient factual basis to support her plea to the crime. See NRS 195.020; NRS 199.240. Lopes also argued that she is actually innocent of the crime. The district court concluded that a sufficient factual basis was presented to support the plea and Lopes was adequately advised regarding the elements of the crime. See Tiger v. State, 98 Nev. 555, 558, 654 P.2d 1031, 1033 (1982); see also State v. Gomes, 112 Nev. 1473, 1481, 930 P.2d 701, 707 (1996). We agree. Further, because she entered a plea pursuant to Alford, Lopes' claim of

actual innocence was "essentially academic." <u>Hargrove v. State</u>, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984). We conclude that the district court did not abuse its discretion by denying this claim.

Having considered Lopes' contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michael P. Gibbons, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Douglas County District Attorney/Minden
       Douglas County Clerk