An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CODY KEITH WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62334

FILED

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea, of grand larceny.[1] *North Carolina v. Alford*, 400 U.S. 25 (1970). Third Judicial District Court, Lyon County; William Rogers, Judge.

Appellant Cody Keith White asserts that the district court abused its discretion at sentencing. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable

---

[1]The judgment of conviction erroneously states that White was convicted pursuant to a guilty plea. Upon issuance of the remittitur, the district court shall enter an amended judgment of conviction that corrects this clerical error. *See* NRS 176.565; *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21542

or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

White contends that the district court relied upon erroneous information and failed to understand the nature of an *Alford* plea because after imposing sentence it stated "steal people's stuff, go to prison." White contends that this statement demonstrates that the district court did not understand that he made no factual admission to stealing when he entered his *Alford* plea. We disagree. A guilty plea pursuant to *Alford* is a plea of nolo contendere. *State v. Gomes*, 112 Nev. 1473, 1479, 930 P.2d 701, 705 (1996). A court may treat a defendant who has entered a plea of nolo contendere "as if he or she were guilty." *Id.* Therefore, the district court did not abuse its discretion by proceeding as if White had stolen something.

White also asserts that the district court abused its discretion by refusing to consider mitigating evidence. The district court stated that it received and considered the presentence investigation report, and listened to defense counsel's argument and White's statement in allocution, all of which contained mitigating information. The record does not support White's claim that the district court "refused to consider" any of this information.

White's sentence of 12-48 months in prison is within the parameters of the relevant statutes, NRS 193.130(2)(c); NRS 205.222(1), and he fails to demonstrate that the district court relied upon impalpable or highly suspect evidence. It was within the district court's discretion to grant probation or diversion, *see* NRS 176A.100(1)(c); NRS 458.320, and

although neither the Division of Parole and Probation nor the State recommended a prison term, we are not convinced that the district court abused its discretion in imposing White's sentence, *see McCullough v. State*, 94 Nev. 51, 53, 574 P.2d 585, 585 (1978).[2]

White additionally argues that the district court's statement, "steal people's stuff, go to prison," shows that it was biased against persons who steal in violation of Canons 1 and 2 of the Nevada Code of Judicial Conduct (NCJC).[3] A district court's impartiality is reviewed de novo based on the uncontested facts. *Ybarra v. State,* 127 Nev. ___, ___, 247 P.3d 269, 272 (2011), *cert. denied,* ___ U.S. ___, 132 S. Ct. 1904 (2012). A judge is presumed to be impartial and the burden rests on the challenger to demonstrate sufficient facts establishing bias. *Id.* The record here does not indicate that the district court "manifest[ed] bias or prejudice," NCJC Rule 2.3(B), or "closed [its] mind to the presentation of all the evidence," *Cameron v. State,* 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998). Nor has White demonstrated that the district court's

---

[2]To the extent White contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, we conclude this contention lacks merit. *See Blume v. State,* 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); *Harmelin v. Michigan,* 501 U.S. 957, 1000-01 (1991) (plurality opinion).

[3]White actually asserts violations of Canons 2 and 3, but because he quotes from Canons 1 and 2, it appears the citation to Canon 3 was a clerical error.

statement created the appearance of impropriety, *see* NCJC Rule 1.2, especially in light of the presumption of impartiality. Accordingly, we ORDER the judgment of conviction AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. William Rogers, District Judge
     Law Office of Thomas L. Qualls, Ltd.
     Attorney General/Carson City
     Lyon County District Attorney
     Lyon County District Court Clerk

---

[4]We deny White's request to strike several assertions made in the fast track response for lack of proper citation. *See* NRAP 3C(f)(1)(C). Although the assertions are included in the fact and procedural history sections, many are simply mislabeled arguments that require no citation. We remind the State, however, that future failure to provide proper citation may result in the imposition of sanctions. *See* NRAP 3C(n).