An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCISCO SILVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62974

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant argues that the district court erred in denying claims of ineffective assistance of counsel raised in his June 2, 2011, petition without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19254

First, appellant argues that his trial counsel was ineffective for failing to investigate and present evidence that the victim and her family fabricated the allegations out of concern that appellant would move from the family home, bringing his wife and children with him. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel challenged the victim's version of events on cross-examination. Counsel also questioned the victim's mother regarding her concerns that appellant would leave with his wife, who was also the victim's sister, and their children. In addition, appellant testified at trial and had the opportunity to inform the jury of these issues. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel investigated this issue as he did not demonstrate that there was evidence counsel could have discovered to support this claim. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his trial counsel was ineffective for failing to fully challenge the charges against him, as appellant asserts that the evidence was insufficient to prove sexual assault because there was no physical evidence of sexual activity and the only evidence came from the testimony of the victim. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. We have repeatedly held that the uncorroborated testimony of a victim is sufficient to uphold a conviction for sexual assault when the victim testifies with some particularity regarding the incident. *See Mejia v. State*, 122 Nev. 487, 493 & n.15, 134 P.3d 722, 725 & n.15 (2006); *Gaxiola v. State*, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005); *State v. Gomes,*

112 Nev. 1473, 1481, 930 P.2d 701, 706 (1996). Here, the victim testified that appellant touched her inappropriately on multiple occasions and had also forced her to have sexual intercourse. In addition, the victim's brother witnessed appellant in bed with the 12-year-old victim. Appellant fails to demonstrate a reasonable probability of a different outcome had counsel argued that there was insufficient evidence to support the charges. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Next, appellant argues that the district court erred by denying his petition because it did not conduct a full and fair evidentiary hearing as required by *Mack v. Cupp*, 564 F.2d 898 (9th Cir. 1977). The district court concluded that appellant did not demonstrate that any of his claims were not belied by the record and would have entitled him to relief if true, and therefore, that he was not entitled to an evidentiary hearing. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

On appeal, appellant only raises the two claims discussed previously and fails to discuss any of the additional claims raised below or why the district court erred in declining to conduct an evidentiary hearing for those claims. Therefore, appellant fails to meet his burden to demonstrate that the district court should have conducted an evidentiary hearing over those remaining claims. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Accordingly, appellant fails to demonstrate that the district court erred by denying the petition without conducting an evidentiary hearing. Moreover, appellant fails to demonstrate that an evidentiary hearing is necessary in order for a district court to fully and

Supreme Court
OF
Nevada

(O) 1947A

3

fairly consider all of a petitioner's claims. *See Mack*, 564 F.2d at 901; *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (a petitioner is not entitled to an evidentiary hearing when his allegations "do not state a claim for relief" (internal quotations omitted)). We therefore conclude that appellant is not entitled to relief and we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering _____, J.
Pickering

_____ Parraguirre _____, J.
Parraguirre

_____ Saitta _____, J.
Saitta

cc:    Hon. Valerie Adair, District Judge
The Kice Law Group, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A