An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE REED,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65219

**FILED**

SEP 1 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction pursuant to an *Alford*[1] plea, of conspiracy to commit robbery. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Joe Reed contends that the district court abused its discretion and violated NRS 176.015 by refusing to consider his mitigation evidence at sentencing. NRS 176.015(2) requires the district court to allow a defendant to "present any information in mitigation of punishment." The State contends that Reed's mitigation evidence was not relevant to mitigation of his punishment because it was evidence of innocence. "'[W]henever a defendant maintains his or her innocence but pleads guilty pursuant to *Alford,* the plea constitutes one of nolo contendere.'" *State v. Lewis,* 124 Nev. 132, 133 n.1, 178 P.3d 146, 147 n.1

---

[1]*North Carolina v. Alford,* 400 U.S. 25 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 31170

(2008) (quoting *State v. Gomes*, 112 Nev. 1473, 1479, 930 P.2d 701, 705 (1996)). At English common law a plea of nolo contendere was distinguished from a jury verdict of guilty because "in the former the defendant could introduce evidence of innocence in mitigation of punishment, whereas in the latter such evidence was precluded by the finding of actual guilt." *Alford*, 400 U.S. at 36 n.8. A similar rationale distinguishes *Alford* pleas and guilty pleas in Nevada. *See generally* NRS 1.030 ("The common law of England, so far as it is not repugnant to or in conflict with the Constitution and laws of the United States, or the Constitution and laws of this State, shall be the rule of decision in all the courts of this State."). A defendant is generally precluded from offering evidence of innocence during a sentencing hearing pursuant to a guilty plea because such evidence would directly contradict the basis for his plea: his admission of guilt. *See generally Homick v. State*, 108 Nev. 127, 133, 825 P.2d 600, 604 (1992). An *Alford* plea is different. *See Alford*, 400 U.S. at 37. Lee maintained his innocence but concluded that his interests required the entry of a guilty plea because there was sufficient evidence of his guilt. More specifically, Lee believed a jury would credit his codefendant's testimony against him rather than his own testimony, in part, because of his lengthy criminal history. Evidence of Lee's innocence was not necessarily irrelevant to the mitigation of his punishment. We therefore conclude that the district court abused its discretion and violated NRS 176.015(2) by prohibiting Lee from presenting evidence of his

innocence in mitigation of punishment during his sentencing hearing, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for a new sentencing hearing consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Carolyn Ellsworth, District Judge
      Julie Raye Law, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk