# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMETRIUS LAMAR BROCK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76902

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Appellant Demetrius Lamar Brock argues that he received ineffective assistance of trial and appellate counsel. The district court denied his petition after conducting an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts of his or her claims by a

19.46843

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Brock argues that counsel should have introduced evidence of the victim's child abuse convictions to prove he was the likely aggressor and support Brock's claim of self-defense. We conclude that counsel was not deficient. A defendant may "present evidence of a victim's character when it tends to prove that the victim was the likely aggressor," however, he may not prove that character evidence with specific instances of conduct. *Daniel v. State*, 119 Nev. 498, 514, 78 P.3d 890, 901 (2003); *see* NRS 48.055(1). While a defendant may introduce specific acts of violence if he was aware of those acts, *Daniel*, 119 Nev. at 515, 78 P.3d at 902, the record does not indicate that Brock was aware of any prior violent conduct by the victim. Therefore, the district court did not err in denying this claim.[1]

Second, Brock argues that counsel should have noticed potential firearm expert testimony. However, Brock did not identify the testimony he hoped to elicit from an expert or describe how it would affect his trial. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Third, Brock argues that appellate counsel should have challenged a district court ruling precluding a witness's opinion that the

---

[1]The district court erroneously concluded counsel was deficient, but denied the claim because Brock did not show prejudice. We conclude that the district court reached the correct result in denying this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Supreme Court
OF
Nevada

(O) 1947A

victim was responsible for the altercation during which he was shot. Brock asserts that it was admissible as a present sense impression. We disagree. The declaration was a statement provided to police which was not made at the time the witness perceived the shooting or immediately thereafter. *See* NRS 51.085. Additionally, it was the witness's opinion about the victim's blame and not a description of the event. *Id.* Therefore, Brock failed to demonstrate that appellate counsel neglected to raise a meritorious claim.

Fourth, Brock argues that trial and appellate counsel should have challenged the medical examiner's testimony about the autopsy as she did not perform the autopsy, thus violating *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). Brock did not demonstrate deficient performance or prejudice. The testifying medical examiner gave her independent expert opinion based on the autopsy report and photographs and did not violate the Confrontation Clause because her judgment and methods were subject to cross-examination. *See Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010). As a Confrontation Clause claim would have failed, trial and appellate counsel were not deficient in declining to raise a futile objection or argument. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Therefore, the district court did not err in denying this claim.

Fifth, Brock asserts that trial counsel improperly conceded his guilt during closing argument. Brock fails to demonstrate that counsel's decision was unreasonable. Counsel argued that Brock acted in self-defense and, alternatively, his actions constituted second-degree murder or voluntary manslaughter as opposed to first-degree murder. This strategy is entitled to deference and was reasonable under the circumstances. *See Armenta-Carpio v. State*, 129 Nev. 531, 535-36, 306 P.3d 395, 398-99 (2013)

(recognizing that "[a] concession of guilt is simply a trial strategy—no different than any other strategy the defense might employ at trial" and counsel's decision should be reviewed for reasonableness); *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (observing that strategic decisions are virtually unchallengeable under most circumstances). *But cf. Jones v. State*, 110 Nev. 730, 738, 877 P.2d 1052, 1057 (1994) (concluding that counsel's concession of guilt was improper where it contradicted defendant's testimony). Given the evidence against him, Brock failed to demonstrate a reasonable probability of a different outcome at trial had counsel not made the challenged argument. Brock and the victim argued on the day of the shooting. Although security responded to the argument, Brock did not want police called, suggesting he did not consider the victim threatening. The victim was unarmed and was talking on the phone to his girlfriend when the shooting began. Brock shot at the victim 15 times, emptying his weapon. Eight shots struck the victim and the trajectory of some of the wounds and physical evidence at the scene suggested that Brock advanced toward the victim and continued to shoot him after he fell. Therefore, the district court did not err in denying this claim.

Sixth, Brock argues that trial and appellate counsel should have challenged improper character evidence and requested a limiting instruction. We disagree. The State elicited testimony about Brock's statements to a security officer in response to defense questioning about how Brock spoke to the security officer after his initial argument with the victim. *See State v. Gomes*, 112 Nev. 1473, 1480, 930 P.2d 701, 706 (1996) (providing that error in admitting evidence was not reversible where defense invited the error). Moreover, it was not clearly indicative that the statement made by Brock to this witness indicated any prior bad act or

unfavorable character evidence about Brock. Therefore, the district court did not err in denying this claim.

Seventh, Brock argues that trial and appellate counsel should have challenged the express malice, premeditation and deliberation, reasonable doubt, and equal and exact justice instructions. We conclude that Brock did not show deficient performance because the district court gave the instruction on premeditation and deliberation set forth in *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000), and the reasonable doubt instruction set forth in NRS 175.211(1), and counsel could not have successfully challenged the malice and equal-and-exact justice instructions. *See, e.g., Leonard v. State (Leonard II)*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (holding that "abandoned and malignant heart" language is essential and informs the jury of the distinction between express and implied malice); *Byford*, 116 Nev. at 232, 995 P.2d at 712 (upholding malice instruction where the jury is properly instructed on the presumption of innocence); *see also Leonard v. State (Leonard I)*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998) (providing that where the jury has been instructed that the defendant is presumed innocent and that the State bears the burden of proving guilt beyond a reasonable doubt, the equal-and-exact-justice instruction does not deny defendant the presumption of innocence or lessen the burden of proof). Therefore, the district court did not err in denying this claim.

Eighth, Brock argues that the cumulative effect of counsel's errors warrants reversal. Even assuming that counsel's deficiencies may be cumulated for purposes of showing prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), Brock failed to

demonstrate any instance of deficient performance and therefore, there is nothing to cumulate.

Having considered appellant's arguments and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:    Hon. William D. Kephart, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.